UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adetayo Adedipe, et al., | Civil File No. 13-2687 JNE/JJK |
| Plaintiffs, | |
| v. | |
| U.S. Bank, National Association, et al. | **FINDINGS AND REPORT AND RECOMMENDATION ON MOTIONS TO CONSOLIDATE AND FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL** |
| Defendants, | |
| and | |
| Shelly Abrams, et al., | Civil File No. 13-2944 JNE/JJK |
| Plaintiffs, | |
| v. | |
| U.S. Bank, National Association, et al. | |
| Defendants. | |

Michelle C. Yau, Esq., Cohen, Milstein, Sellers & Toll, PLLC, and June Pineda Hoidal, Esq., Zimmerman Reed, PLLP, for Plaintiffs Adetayo Adedipe, et al.;

Matthew Houston, Esq., Harwood Feffer LLP, and Garrett D. Banchfield, Jr., Reinhardt Wendorf & Blanchfield, for Plaintiffs Shelly Abrams, et al.;

Stephen P. Lucke, Esq., Dorsey & Whitney LLP, for Defendant US Bank National Assn., et al.; and

Aaron D Van Oort, Esq., Faegre Baker Daniels, LLP, and Amanda S. Amert, Esq., Jenner & Block, for Defendant Nuveen Asset Mgmt. LLC.

These cases are before the Court, United States Magistrate Judge Jeffrey J. Keyes, for Report and Recommendation to the District Court on motions to consolidate actions and competing motions for appointment of lead plaintiff and lead counsel.  Hearing on the motions was held on January 24, 2014, at the U.S. Courthouse, St. Paul, Minnesota.  The actions have been commenced as putative class actions pursuant to separate complaints alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") arising out of Defendants'[1] policy and practices with respect to investment of pension plan assets.

The representative Plaintiffs in each case have filed a motion seeking consolidation of the actions, and Plaintiffs in each case move to be appointed lead Plaintiffs in the case.  The respective motions further seek appointment of selected counsel as lead counsel in the consolidated case.  Defendant U.S. Bank agrees that the complaints state essentially the same claims against the same Defendants and that consolidation is appropriate.  No parties have expressed opposition to consolidation.

Based upon the file, memorandums, affidavits, exhibits, and arguments of counsel, the Magistrate Judge makes the following:

---

[1] U.S. Bank, National Association ("U.S. Bank") and Nuveen Asset Management, LCC ("Nuveen") are the named institutional defendants.  Several individuals are also named as defendants and are represented by counsel for U.S. Bank.

**Findings and Conclusions**

**Consolidation.**  The plaintiffs in both the *Adedipe* action and the *Abrams* action have filed class action complaints against the same institutional and individual defendants.  All of the parties assert that consolidation of the cases under Rule 42(a) of the Federal Rules of Civil Procedures is appropriate because the actions involve common questions of law and fact, and the parties further agree that consolidation would promote efficiency and reduce or eliminate duplication with respect to discovery and motion practice.  It is this Court's determination that the *Adedipe* and *Abrams* matters allege essentially identical claims against the same defendants, and the named plaintiffs in each case seek to represent the same pool of class members.  Consolidation would promote judicial efficiency as well as preventing unnecessary duplication of efforts and expense by the parties.  Under these circumstances consolidation under Rule 42(a) is appropriate and Plaintiffs' motions should be granted in this regard.

**Lead Plaintiff.**  Proposed Interim Lead Plaintiff Adetayo Adedipe commenced the first action in federal court by Complaint filed on September 30, 2013.   It is alleged that Ms. Adedipe is a vested participant of the ERISA Plan at issue in the matter.  The *Abrams* Complaint was filed on November 11, 2013, and names three representative plaintiffs,[2] all of whom are alleged to be ERISA Plan participants  The *Adedipe* Complaint was subsequently amended to name three

---

[2]  Shelly Abrams, Tonya Davis and Debra Griffin.

additional representative Plaintiffs.[3]  While both Plaintiff groups tout the qualifications of their named representatives, the Court concludes that both sides have put forth individual Plaintiffs having comparable interests in the ERISA Plan at issue and who would fairly and adequately represent the interests of the proposed class.  Fed. Civ. P. Rule 23(a)(4).  The qualifications of named Plaintiff representatives do not weigh significantly in favor of either case, except in consideration of the timing of complaint filings and implications which are more aptly discussed in regards to selection of counsel.  For reasons relating to appointment of lead counsel, the named Plaintiff representatives in the *Adedipe* case should be appointed Interim Lead Plaintiffs.

**Lead Counsel.**  Pursuant to Fed. Civ. P. Rule 23(g)(3), the Court may designate interim class counsel before determining whether to certify a class.  Rule 23(g)(4) mandates that class counsel fairly and adequately represent the interests of the class, and Rule 23(g)(2) provides that if more that one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class.  The determination as to appointment of class counsel specifically requires the court to consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources.  Rule

---

[3] James J. Thole, Marlene Jackson, and Sherry Smith.

23(g)(1)(A).  The Court may also consider other matters pertinent to counsel's ability to represent the class.  Rule 23(g)(1)(B).

In this instance this Court concludes that the law firms of Cohen Milstein and Zimmerman Reed should be appointed Interim Co-Lead Counsel.  Upon review and consideration of materials supporting the motions for appointment by both the Harwood Feffer firm on behalf of the *Abrams* Plaintiffs and the Cohen Milstein/Zimmerman Reed firms on behalf of the *Adedipe* Plaintiffs, both applicants satisfy the criteria for certification as class counsel under Rule 23(g)(1).  In each case counsel have identified claims and conducted preliminary investigation; have complex litigation, as well as ERISA experience; have knowledge of applicable law; and have necessary resources that would be committed to representing the class.

That being said, the Court finds that Cohen Milstein and Zimmerman Reed devoted the more substantial effort toward pre-suit investigation and identification of claims.  Such effort is shown to the Court's satisfaction by way of the Declaration of Michelle C. Yau, a partner at Cohen Milstein, who describes the extensive review of thousands of pertinent documents and research of legal and factual issues commencing a year prior to filing suit, Yau Decl. ¶¶ 26-31, and is further is evidenced in large part by the earlier filing of the initial *Adedipe* complaint and the substantial duplication of that pleading in the *Abrams* complaint.  The Court does not necessarily find fault with the *Abrams* complaint,

but in light of the candid acknowledgment by Harwood Feffer that Shelly Abrams approached the firm after learning that the *Adedipe* suit was well in the works, the court is persuaded that the *Adedipe* counsel had and continues to enjoy a significant head start on the fact and legal investigation underlying the claims and that a reasonably thorough pre-suit investigation was conducted.  Cohen Milstein has also established that the firm has significant experience in class action litigation and ERISA actions, Yau Decl. ¶¶ 6-13, and that certain members of the firm[4] with substantial experience in ERISA law and related litigation have been and will continue to be involved in this litigation.  Id. ¶¶ 1-5, 14-25.

Finally, counsel in the *Abrams* case have asserted that the appointment of co-lead counsel would result in inefficiency and duplication of litigation efforts, leading to increased attorney fees and litigation expenses.  The Court is advised that if Cohen Milstein and Zimmerman Reed are appointed interim co-lead counsel, Cohen Milstein would take the lead role in management

---

[4] Specifically, but not exclusively, Karen Handorf, Bruce Rinaldi, and Michelle C. Yau.  Karen Handorf, head of Cohen Milstein's Employee Benefits Group, was the Deputy Associate Solicitor of Labor for the Plan Benefits Security Division at the United States Dept. of Labor before joining Cohen Milstein.  In that position she was the government's second highest ranking lawyer for the enforcement of Title I of ERISA, including ERISA's fiduciary responsibility provisions at issue in this litigation.  Yau Decl. ¶ 14.  Bruce Rinaldi is a senior ERISA attorney at Cohen Milstein with substantial ERISA litigation experience, as well as having served as a Senior Trial Attorney in the Plan Benefit Division of the Dept. of Labor prior to entering private practice.  Yau Decl. ¶¶ 21-22. Michelle Yau, who worked as a financial analyst at Goldman Sachs before attending law school, has six years of experience in major ERISA cases.  Yau Decl. ¶¶ 4-5.

of the case. The Court finds that both firms are well qualified with regard to ERISA and class action litigation and have complementary strengths such that Zimmerman Reed has substantial class action and complex litigation leadership experience and Cohen Milstein has significant ERISA expertise. The nature of this case is such that adequate protections against duplication of effort and excessive attorney fees can be implemented. The court concludes that there is no noteworthy disadvantage to appointment of co-lead counsel in this instance, particularly in light of Zimmerman Reed's extensive class action litigation experience in this district.

Based upon the file, memorandums, declarations, exhibits, and arguments of counsel, along with the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

1. Plaintiff Adetayo Adedipe's Motion to Consolidate ERISA Actions and to Appoint Interim Lead Plaintiff and Interim Co-Lead Counsel should be **granted**. (File No. 13-2687, Doc. No. 19.) The *Adedipe* case and the *Abrams* case should be consolidated; named plaintiffs Adetayo Adedipe, James J. Thole, Marlene Jackson, and Sherry Smith should be appointed interim lead plaintiffs; and Cohen, Milstein, Sellers & Toll, PLLC, and Zimmerman Reed, PLLP, should be appointed interim co-lead counsel.

2. The *Abrams* Plaintiffs' Motion to Consolidate ERISA Actions and

Appoint Interim Lead Plaintiffs and Interim Lead Counsel should be **granted in part and denied in part**.  (File No. 13-2687, Doc. No. 30.)  The Abrams Plaintiffs' motion to consolidate ERISA actions should be granted and the motion to appoint interim lead plaintiffs and lead counsel should be denied.

3.  Plaintiff Adetayo Adedipe's Motion to Consolidate ERISA Actions and to Appoint Interim Lead Plaintiff and Interim Co-Lead Counsel should be **granted**.  (File No. 13-2944, Doc. No. 15.)

4.  The *Abrams* Plaintiffs' Motion to Consolidate ERISA Actions and Appoint Interim Lead Plaintiffs and Interim Lead Counsel should be **granted in part and denied in part**.  (File No. 13-2944, Doc. No. 27.)

5.  Appointed Interim Co-Lead Counsel should be ordered to promptly review and consider the operative complaints in the *Adedipe* case and the *Abrams* case, determine whether a consolidated amended complaint is necessary, and serve and five a consolidated amended complaint if deemed appropriate.  Such a consolidated amended complaint may be filed as a matter of course and without a motion.

6.  Interim Class Counsel should be required to maintain itemized and detailed time records and to categorize time records chronologically by discrete event/activity as well as by attorney.  If an event or activity takes place for the benefit of the class, the time entry should describe the event or activity, list the names of all persons who participated, the time spent by each person, and

the requested billable rate that each person seeks to charge.  See In re Cont'l Illinois Sec. Litig'n, 572 F.Supp. 931, 933-35 (N.D. Ill. 1983).


Dated:   February 4, 2014

                                             s/Jeffrey J. Keyes
                                             Jeffrey J. Keyes
                                             United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 18, 2014, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.


Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.